Pee Cueiam.
 

 This is an ejectment tried in Giles Circuit Court, October term, 1816. Both parties claimed under grants. The defendant’s was of a * posterior date, and covered part of the same land that the plaintiff’s grant covers, which obliges him to have recourse to his entry. The material parts of the entry are : “ On Buchanan’s Creek, &c., beginning on a beech tree, marked M B M E, J W, 27 chains north of the trace leading from Cross-water to M‘Cutchin’s trace, and eighteen poles east of the east fork of Buchanan’s Creek, running west 69 chains and for complement.”
 

 On the motion for a new trial, an entry of the
 
 “
 
 defendant legally certified was produced; which after calling to run west from the beginning, adds then, north for complement, dated 5th September, 1808.” Cross-water was a well known spring in September, 1808. M‘Cutchin’s trace was also well known at that time; at that time was a trace by the head of Buchanan’s Creek seven or eight miles long. It goes on the west side of the creek about five or six miles, then crosses to the east side; and running one and a half or two miles comes into M‘Cutchin’s trace. A witness saw the tree marked 18 poles east of the creek, and 27 north of the trace, about three quarters of a mile above where the trace crosses. Going up the trace and creek, they are sometimes wider and sometimes nearer apart; the general course varies a little from each other. A survey from the tree will include the land in dispute, and the ground of the defendant does begin there. The upper trace was made by Bumpass, 1808; another was made June, 1808, or before, leading from Cross-water by Buchanan’s to M‘Gutchin’s trace. It was considerably travelled in 1808. Hightower was
 
 *399
 
 along it then. There is also a wagon-way from Cross-water communicating with M‘Cutchin’s trace. Riley, a witness, knew of the lower trace by Buchanan’s early in the summer
 
 1808;
 
 it was the nearest way to M'Cutchin’s trace; the other was generally called Bumpass’s trace. The settlement at Cross-water was called Bumpass’s. M‘Daniel knew the upper * trace in 1809, called Bumpass’s. The tree stands 17 chains north of the trace. Near the lower trace is a point 27 north from the trace and 18 east from the east fork, four miles from the place claimed. Four witnesses say, that the upper trace made in 1808, was called the “
 
 Trace leading from Cross-water to M'Cutchin’s Cre
 
 ek.” They knew of no other so called. The judge stated to the jury that if the tree could be found by reasonable search, it was a sufficient entry. And also, that it was sufficient if the tree could be found near the place described, though not precisely at it. An affidavit filed for a new trial says the lower trace was soon travelled, and was a plain trace in June, 1808 ; and not expecting on trial a denial of this fact, he had summoned only one witness, but that he can prove it by several others. Upon the assignment of errors and these facts, the question is, whether the court gave a right direction to the jury or not.
 

 If a tree marked with particular letters be called for, and a description be given of the place where it stands, and there be two or more places of that description, the tree being found at one of them, will ascertain the place if it be really the tree actually marked. For then there is but one place answering
 
 all
 
 the calls. It is true, the water-course, or trace, or mountain where the tree is to be looked for, must not be of such length as to impose an unreasonable labor on the searchers. But two miles and under, as here, is not too great a distance. The trace, after crossing to the east, comes in the distance of two miles or a mile and a half to M‘Cutch-in’s trace. And the tree need not be at the very point called for, if it stand so near, as by
 
 that
 
 or other circumstances it may reasonably be taken to be the tree meant.
 

 After the place is found and the first course from the tree described, a direction should be given to the survey, by some call or circumstance in the entry.
 

 * In the copy produced on the trial there was manifestly an omission. “
 
 Running west
 
 69
 
 chains and for
 
 complement,”
 
 *400
 
 shows that the
 
 course
 
 for complement ivas left out by the copyist, either
 
 north
 
 or
 
 south.
 
 The omission is supplied by another copy offered on a motion for a new trial. Shall this mistake of the copyist induce the court to set aside the verdict, when on another trial the same verdict ought to be given ? Of what benefit would this be to either party ?
 
 Affirm the judgment. '
 

 See King’s Digest, 7974.